Manirul ALAM; et al., Petitioners,

v.

Alberto R. GONZALES, Attorney General,* Respondent.

No. 03–72648.

Agency Nos. A75–513–804, A76–715–273, A76–715–274.

United States Court of Appeals, Ninth Circuit.

Submitted May 9, 2005.**

Decided May 13, 2005.

Sabbir Ahmed, Los Angeles, CA, for Petitioners.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Terri J. Scadron, Efthimia S. Pilitsis, DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before PREGERSON, CANBY, and THOMAS, Circuit Judges.

MEMORANDUM***

Manirul Alam, along with his wife and minor daughter, natives and citizens of Bangladesh, petition for review of the Board of Immigration Appeals' ("BIA") denial of their motion to reopen removal proceedings based on changed country conditions. We have jurisdiction under 8 U.S.C. § 1252. We review for an abuse of discretion the denial of a motion to reopen. *de Martinez v. Ashcroft,* 374 F.3d 759, 761 (9th Cir.2004). We grant the petition for review.

---

* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

The BIA abused its discretion in denying Alam's motion to reopen on the basis of changed country conditions. According to the documents Alam provided in his motion to reopen, members of the Awami League are being tortured by the Bangladesh National Party ("BNP"). Alam testified that he was a member of the Jatiyo Party, which, according to the State Department Report, is part of the coalition headed by the Awami League. At his asylum hearing, Alam testified that he was attacked by members of the BNP and the IJ concluded that he established past persecution. The evidence in Alam's motion to reopen is sufficient to establish prima facie eligibility for asylum and withholding of removal. *See Malty v. Ashcroft,* 381 F.3d 942, 947 (9th Cir.2004) (facts in support of motion to reopen must be accepted as true unless inherently unbelievable); *Hernandez–Ortiz v. INS,* 777 F.2d 509, 513 (9th Cir.1985) (prima facie eligibility established when evidence, if true, would satisfy requirements for relief). Taking these facts as true, Alam demonstrates a "reasonable likelihood" of establishing a well-founded fear of future persecution, and a clear probability of future persecution, on account of political opinion. *See Ordonez v. INS,* 345 F.3d 777, 785 (9th Cir.2003) (petitioner need not demonstrate conclusively his eligibility for relief to prevail in a motion to reopen). Accordingly, we grant the petition for review and remand to the BIA with instructions to reopen proceedings. *See Malty,* 381 F.3d at 948.

**PETITION FOR REVIEW GRANTED AND REMANDED.**